(18 Misc. Rep. 511.)

## PEOPLE v. GLEASON.

(Supreme Court, Trial Term, Queens County. November, 1896.)

ELECTIONS—VIOLATION OF ELECTION LAWS—INDICTMENT.

An indictment charges defendant, as a public officer, with a failure to perform a duty required of him by the election law (Pen. Code, § 41j), where it alleges that defendant, as mayor, having examined a list of proposed election officers authenticated and filed by the local organization recognized as regular by the last preceding state convention of the Democratic party, refused to appoint election officers "from the members of the party" in accordance with the election law (Laws 1895, c. 1035, § 11), but appointed others, not members of the party, whereby the Democratic party was without the representation given it by law.

Patrick J. Gleason was indicted for violation of the election law, and he demurs to the indictment.   Overruled. ·

Daniel Noble, Dist. Atty., for the People.
Geo. W. Stephens, for defendant.

GAYNOR, J.   The indictment is framed under section 41j of the Penal Code, which makes it a criminal offense for a public officer to omit, refuse, or neglect to perform any duty required of him by the election law.   It is demurred to upon the sole ground that the facts stated in it do not constitute a crime.

1. The election law provides (1) for eight "election officers" in each election district, viz. "four inspectors, two poll clerks, and two ballot clerks"; (2) it prohibits the appointment of any person as such election officer who does not possess certain specified qualifications, and (3) requires that "each class of such officers shall be equally divided between the two political parties which, at the last preceding election for governor, polled the highest and next highest number of votes for such office in the state."   Section 11.

2. It then provides, in respect of cities (section 12), that "to insure the bipartisan character of such board or body of election officers," "each political party entitled to representation in such board or body" shall have the right to prepare and file with the appointing board or officer, viz. the mayor of the city in every case (except in the cities of New York and Brooklyn), "a list of persons, members of such party, for appointment as such election officers," such list to be authenticated by the chairman and secretary of the local general committee of such party, and that "if more than one such list be submitted in the name or on behalf of the same political party, only that list shall be accepted which is authenticated," as above stated, by the "officers of the faction or section of such party which was recognized as regular by the last preceding state convention of such party," or, if such convention were not held within a year, "by the state committee of such party" organized by or pursuant to the last state convention of such party.   The persons thus proposed "may be examined as to their qualifications" by the appointing board or officer, viz. the mayor in this case.   This has reference to the qualifications specified by the election law, and above referred to.   The appointing board or officer cannot make other tests, and election officers are specially exempted from the operation of the civil service law (chapter 357, Laws 1884, § 8).   Those found qualified under the election law must be appointed.   If any are found disqualified, others may be proposed in their stead by a supplemental list authenticated the same as the original list.   These, again, may be examined in like manner, and qualified or rejected.   If no list be submitted by a political party entitled to such election officers, or if persons submitted be found disqualified, then such board or officer (says the statute) "shall proceed to select in such manner as may seem to them or him feasible from the members of the party or parties in default, or whose nominees have been found disqualified, and shall appoint suitable persons to act as election officers."

It needs to be noted (for there lies the offense charged) that the appointees must be "from the members of the party" in default, or whose proposed appointees were so found disqualified. That there may be no failure of the purpose of the statute by the refusal of persons so appointed to serve, the statute subjects any appointee who fails to take the oath of office, or neglects to perform the duties of the office, to a penalty.

The scheme of the election law seems to be plain enough. The reference to party is all the time to state parties. The state party is made up of local sections or segments, being local organizations, all connected with the state party organization. Local organizations not connected with the state organization are not part of the state party. Unity of political faith in state politics is not enough. Actual unity in state party organization is essential. Without the latter, a local organization, however numerous, is not of the party. It is disconnected from the party. And in the case of rival local organizations, the statute leaves no room for debate in respect of which is in the party and which outside. "The faction or section of such party which was recognized as regular by the last preceding state convention of such party," or by the state committee, if no convention has been held within the year, is the one which the statute in so many words requires shall have half of the election officers.

In the case at bar, a list of proposed election officers was authenticated and filed by the local organization recognized as regular by the last preceding state convention of the Democratic party of the state. The defendant, as mayor of Long Island City, having examined and refused to appoint many of them, a supplemental list was authenticated and filed; and, having also examined and refused to appoint many of them, he therefore appointed as election officers in their stead, in the 18 districts mentioned in the indictment, persons who were not members of the party which had filed such lists, thus leaving that party without the representation given to it by law in the board of election officers. This is the omission, refusal, and neglect to perform a duty required of the defendant by the election law which is charged by the indictment; and it constitutes a criminal offense. If it be true that the defendant subjected the persons nominated by the said lists to an examination test outside of the qualifications prescribed by the election law, so as to reject them, and rejected them upon such test, that is not what is charged against him as a criminal offense by this indictment, though it may tend to show his unlawful purpose and intent in the appointments he finally made.

No point has been made of the omission of the indictment to allege that the last preceding state convention which recognized as regular the local organization which proposed the lists was held within a year. But this is a matter of proof, and, if the proof should show that no such convention was held within the year, but that the recognition of regularity was by the state committee, the duty of the defendant would be shown, and the breach of that duty is the offense charged.

The decisions in the cases of People v. Wheeler, 18 Hun, 540, In re Mitchell, 81 Hun, 401, 30 N. Y. Supp. 962, and like cases, are not applicable.    As has been shown in the foregoing, no local faction or organization is in or of the party, and thus entitled to representation in the election officers, unless it be recognized by and is thus actually in and of the state party organization.    In brief, for it to be outside of the state party organization is to be outside of the state party.    The present election law has made the said decisions obsolete.

The demurrer is disallowed.